


# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| VS. | |
| JAMES ANTHONY SAVAGE, also known as Mario J. Racanelli, John Racanelli, Mark Racanelli, Grandoni Egistot, Egisto Grandoni, Robert Toliano, M. John Delano, Greg Eric Masonotti, and Max Marrache | : 1:01 CR 362-1 |
| MARGARET NATHALIE HANDSMAN, also known as Marnie Handsman, Margaret Racanelli, and Marnie Racanelli | : 1:01 CR 362-2 : SUPERSEDING |

*************************************************************

## MOTION TO DISMISS THE INDICTMENT

NOW COMES the defendant, James Anthony Savage, by and through counsel and respectfully moves this Honorable Court to dismiss the indictment of the above captioned case. As grounds for said Motion the defendant respectfully shows the following:

1. James Anthony Savage and Margaret Nathalie Handsman are presently under indictment for alleged fraudulent activity taking place from on, about or before November of 1996 through October of 2000.

2. The indictment alleges thirty two counts, both defendants are named in all but Counts Thirty and Thirty-One said counts naming only defendant Savage.

3. The crux of the government's allegations is the alleged swindling of various people, including Ms. Jean Foster, a resident of the Middle District of North Carolina.

4. The indictment in the above captioned matter alleges in Count One a conspiracy between the named defendants and others that purportedly existed from approximately November

of 1996 through October of 2000.

5. The object of the alleged conspiracy was the use of commercial interstate carriers and interstate wire communication facilities for the purpose of defrauding investors by inducing them to invest in spurious business ventures.

6. The various bogus businesses of the defendant are alleged to include wireless communications and valuable gem stones.

7. The government also alleges in Count One that the named defendants would secrete investor's funds through the use of safe deposit boxes and in various tangible assets, including real property, art, jewelry and furniture.

8. In setting forth the manner and the means of the alleged conspiracy the government tenders the theory that defendant Savage would target single women, who were older than he and attempt to convince them to invest in his business ventures.

9. The indictment does not specify each alleged defrauded investor, although reference is made to one investor who deposited thousands of dollars into a NationsBank account.

10. Count One makes vague reference to several alleged victims without specifying the precise manner in which they were defrauded.

11. In Count One of the indictment the government does not name specific persons, but instead references "investors". As a result of the manner in which Count One is worded the indictment does not allege one overall agreement to perform various functions to achieve the objectives of the conspiracy. Instead, Count One of the indictment alleges multiple conspiracies and is thereby subject to dismissal.

WHEREFORE, the defendant respectfully moves this Honorable Court to enter an Order dismissing the indictment in the above captioned matter.

This the 3cd day of January, 2002.

                                                                                                                 _____

                                                      Nils E. Gerber
                                                      State Bar Number 17421
                                                      200 Brookstown Avenue, Suite 304
                                                      Winston-Salem, N.C. 27101
                                                      336-748-1400

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| VS. | |
| JAMES ANTHONY SAVAGE, also known as Mario J. Racanelli, John Racanelli, Mark Racanelli, Grandoni Egistot, Egisto Grandoni, Robert Toliano, M. John Delano, Greg Eric Masonotti, and Max Marrache | : 1:01 CR 362-1 |
| MARGARET NATHALIE HANDSMAN, also known as Marnie Handsman, Margaret Racanelli, and Marnie Racanelli | : 1:01 CR 362-2 SUPERSEDING |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

### CERTIFICATE OF SERVICE

This is to certify that the undersigned, on the 3rd day of January, 2002 served the attached MOTION TO DISMISS INDICTMENT to the following person named below and by depositing said envelope and its contents in the United States mail:

> Cliffton Barrett
> Assistant United States Attorney
> Post Office Box 1858
> Greensboro, N.C. 27402

This the 3rd day of January, 2002.

_____
Nils E. Gerber
State Bar Number 17421
200 Brookstown Avenue, Suite 304
Winston-Salem, N.C. 27101
336-748-1400