IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

FILED
MAR 04 2002
Clerk IN THIS OFFICE
U. S. District Court
Greensboro, N. C.
By

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | |
| | : | |
| JAMES ANTHONY SAVAGE, | : | 1:01CR362-1 |
| also known as Mario J. Racanelli, | : | |
| John Racanelli, Mark Racanelli, | : | |
| Grandoni Egistot, Egisto Grandoni, | : | |
| Robert Toliano, M. John Delano, | : | |
| Greg Eric Masonotti, and Max | : | |
| Marrache | : | |
| MARGARET NATHALIE HANDSMAN, | : | 1:01CR362-2 |
| also known as Marnie Handsman, | : | SUPERSEDING |
| Margaret Racanelli, and Marnie | : | |
| Racanelli | : | |

### GOVERNMENT'S FIRST MOTION IN LIMINE

NOW COMES the United States of America, by and through Anna Mills Wagoner, United States Attorney for the Middle District of North Carolina, and files the instant motion in limine concerning evidence of assaultive behavior on the part of Defendant Savage.

The United States requests that the trial court exclude any evidence concerning assaultive or violent behavior on the part of Defendant Savage unless and until Defendant Handsman makes a threshold showing of duress or coercion, an affirmative defense. To proceed on such a defense, Defendant Handsman would have to show at the time of the instant offense (1) that she was under a present threat of death or serious injury, (2) that she did not recklessly place herself in a situation where she could be forced to engage in criminal conduct, (3) that she had no reasonable

legal alternative, and (4) that a direct causal relationship existed between her criminal conduct and the avoidance of threatened harm to her. <u>United States v. Perrin</u>, 45 F.3d 869, 873-73 (4th Cir.), <u>cert. denied</u>, 515 U.S. 1126 (1995).

In addition, a defendant has the burden of establishing sufficient evidence of the defense to warrant its submission to the jury. <u>United States v. King</u>, 879 F.2d 137, 138-39 (4th Cir.), <u>cert. denied</u>, 493 U.S. 900 (1989). A defendant also bears the burden of proving an affirmative defense by a preponderance of the evidence. <u>Smart v. Leeke</u>, 873 F.2d 1558, 1564 (4th Cir.), <u>cert. denied</u>, 493 U.S. 867 (1989).

Based upon the foregoing facts and authorities cited, the United States requests that the court direct the Defendant Handsman to not question nor elicit testimony regarding assaultive behavior on the part of Defendant Savage until such time as a threshold showing of duress or coercion has been made.

2

This the 4TH day of March, 2002.

> Respectfully submitted,
>
> ANNA MILLS WAGONER
> United States Attorney
>
> CLIFTON T. BARRETT b, DC
> Assistant United States Attorney
> NCSB #12858
>
> DOUGLAS CANNON
> Assistant United States Attorney
> NCSB #8604
>
> P. O. Box 1858
> Greensboro, NC  27402
>
> 336/333-5351

3

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of North Carolina and is a person of such age and discretion as to be competent to serve papers.

That on this the ___4th___ day of March, 2002, she served a true and correct copy of the foregoing Response by hand-delivery or first class mail, postage prepaid, to the person hereinafter named:

Addressee:

Nils E. Gerber
Attorney at Law
200 Brookstown Avenue, Suite 304
Winston-Salem, NC 27101

Lisa S. Costner
Attorney at Law
200 Brookstown Avenue, Suite 304
Winston-Salem, NC 27101

KRISTEN L. MAJORS
Paralegal Assistant
United States Attorney's Office

P.O. Box 1858
Greensboro, NC   27402
336/333-5351