IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA



| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | |
| | : | |
| JAMES ANTHONY SAVAGE | : | 1:01CR 362 - 1 |
| MARGARET NATHALIE HANDSMAN | : | 1:01CR 362 - 2 |

## GOVERNMENT'S REQUEST FOR JURY INSTRUCTIONS

NOW COMES the United States of America, by Benjamin H. White, Jr., United States

Attorney for the Middle District of North Carolina, through his assistants, Clifton T. Barrett and

Douglas Cannon, and respectfully requests that the attached proposed instructions be included in the

Court's charge to the jury at the conclusion of the trial of the above-captioned matter.

The United States asks leave to file additional requests for jury instructions as may become

appropriate and necessary during the course of the trial.

This, the _____4 TH_____ day of March, 2002.

Respectfully submitted,

Benjamin H. White, Jr.
United States Attorney

Clifton T. Barrett, NCSB # 12858·
Assistant United States Attorney

Douglas Cannon, NCSB # 8604
Assistant United States Attorney

United States Attorney's Office

Post Office Box 1858
Greensboro, North Carolina 27402

(336) 333-5351

- 2 -

## Beginning of Charge - Province of the Court

MEMBERS OF THE JURY:

Now that you have heard the evidence and the argument, it becomes my duty to give you the instructions of the Court as to the law applicable to this case.

It is your duty as jurors to follow the law as stated in the instructions of the Court, and to apply the rules of law so given to the facts as you find them from the evidence in the case.

Counsel have quite properly referred to some of the governing rules of law in their arguments. If, however, any difference appears to you between the law as stated by counsel and that stated by the Court in these instructions, you of course are to be governed by the instructions.

You are not to single out one instruction alone as stating the law, but must consider the instructions as a whole.

Neither are you to be concerned with the wisdom of any rule of law stated by the Court. Regardless of any opinion you may have as to what the law ought to be, it would be a violation of your sworn duty to base a verdict upon any other view of the law than that given in the instructions of the Court; just as it would be a violation of your sworn duty, as judges of the facts, to base a verdict upon anything but the evidence in the case.

Justice through trial by jury must always depend upon the willingness of each individual juror to seek the truth as to the facts from the same evidence presented to all the jurors; and to arrive at a verdict by applying the same rules of law, as given in the instructions of the Court.

**Govt's Request to Charge No. 1.**
Beginning of the Charge - Province of the Court
Devitt & Blackmar, <u>Federal Jury Practice and Instructions</u>, § 11.01 (1977)

## Province of the Jury

You have been chosen and sworn as jurors in this case to try the issues of fact presented by the allegations of the Indictment and the denial made by the "Not Guilty" plea of the accused. You are to perform this duty without bias or prejudice as to any party. The law does not permit jurors to be governed by sympathy, prejudice, or public opinion. Both the accused and the public expect that you will carefully and impartially consider all the evidence in the case, follow the law as stated by the Court and reach a just verdict, regardless of the consequences.

**Govt's Request to Charge No. 2.**
Province of the Jury
Devitt & Blackmar, Federal Jury Practice and Instructions, § 11.03 (1977)

Case 1:01-cr-00362-WLO   Document 43   Filed 03/04/02   Page 4 of 51

## Indictment but an Accusation

An Indictment is but a formal method of accusing a defendant of a crime. It is not evidence of any kind against the accused.

**Govt's Request To Charge No. 3.**
Indictment But An Accusation
Devitt & Blackmar, <u>Federal Jury Practice and Instructions</u>, § 13.02 (1977)

Case 1:01-cr-00362-WLO   Document 43   Filed 03/04/02   Page 5 of 51

## Consider Only Offense Charged

The Defendants are not on trial for any act or conduct not alleged in the Indictment.

**Govt's Request to Charge No. 4.**
Consider Only Offense Charged
Devitt & Blackmar, <u>Federal Jury Practice and Instructions</u>, § 11.04 (1977)

- 4 -

## Verdict as to Accused Only

You are here to determine the guilt or innocence of the accused from the evidence in the case. You are not called upon to return a verdict as to the guilt or innocence of any other person or persons. So, if the evidence in the case convinces you beyond a reasonable doubt of the guilt of the accused, you should so find, even though you may believe one or more other persons are also guilty. But if any reasonable doubt remains in your minds after impartial consideration of all the evidence in the case, it is your duty to find the accused not guilty.

**Govt's Request to Charge No. 5.**
Verdict as to Accused Only
Devitt & Blackmar, <u>Federal Jury Practice and Instructions</u>, § 11.06 (1977)

## Evidence in the Case -- Stipulations --Inferences Permitted

The evidence in the case consists of the sworn testimony of the witnesses, regardless of who may have called them; and all exhibits received in evidence, regardless of who may have produced them.

Statements and arguments of counsel are not evidence in the case, unless made as an admission or stipulation of fact. When the attorneys on both sides stipulate or agree as to the existence of a fact, however, you must, unless otherwise instructed, accept the stipulation as evidence, and regard that fact as proved.

Any evidence as to which an objection was sustained by the Court, and any evidence ordered stricken by the Court, must be entirely disregarded.

Anything you may have seen or heard outside the courtroom is not evidence, and must be entirely disregarded.

You are to consider only the evidence in the case. But in your consideration of the evidence, you are not limited to the bald statements of the witnesses. In other words, you are not limited solely to what you see and hear as the witnesses testify. You are permitted to draw, from facts which you find have been proved, such reasonable inferences as you feel are justified in the light of experience.

**Govt's Request to Charge No. 6.**
Evidence in the Case
Devitt & Blackmar, Federal Jury Practice and Instructions, § 11.11 (1977)

- 6 -

## Burden of Proof

The law presumes a defendant to be innocent of crime. Thus a defendant, although accused, begins the trial with a "clean slate" -- with no evidence against him or her. And the law permits nothing but legal evidence presented before the jury to be considered in support of any charge against the accused. So the presumption of innocence alone is sufficient to acquit a defendant, unless the jurors are satisfied beyond a reasonable doubt of the defendant's guilt after careful and impartial consideration of all the evidence in the case.

The jury will remember that a defendant is never to be convicted on mere suspicion or conjecture. The burden is always upon the prosecution to prove guilt beyond a reasonable doubt. This burden never shifts to a defendant, for the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

So if the jury, after careful and impartial consideration of all the evidence in the case, has a reasonable doubt that a defendant is guilty of the charge, it must acquit. If the jury views the evidence in the case as reasonably permitting either of two conclusions -- one of innocence, the other of guilt -- the jury should of course adopt the conclusion of innocence.

**Govt's Request To Charge No. 7.**
Burden of Proof
Devitt & Blackmar, Federal Jury Practice and Instructions, § 11.14 (1977)(modified)(no definition of reasonable doubt) See United States v. Ricks, 882 F.2d 885, 894 (Winter, 4th Cir. 1989); Murphy v. Holland, 776 F.2d 470, 475 (Ervin, 4th Cir. 1985)("the wisest course for trial courts to take is to avoid defining reasonable doubt in their instructions unless specifically requested to do so by the jury."); United States v. Moss, 756 F.2d 329, 333 (Ervin, 4th Cir. 1985); United States v. Campbell, 874 F.2d 838, 841-43 (Bownes, 1st Cir. 1989).

- 7 -

**"<u>On or About</u>" -- <u>Proof of</u>**

You will note that the Indictment charges that various offenses were committed "on or about" certain dates. The proof need not establish with certainty the exact date of the alleged offenses. It is sufficient if the evidence in the case establishes beyond a reasonable doubt that the offenses were committed on a date reasonably near the dates charged.

<u>Govt's Request To Charge No. 8.</u>
"On or About" -- Proof of
Devitt & Blackmar, <u>Federal Jury Practice and Instructions,</u> § 13.05 (1977)

- 8 -

## Effect of Failure of Accused to Testify

The law does not compel a defendant in a criminal case to take the witness stand and testify, and no presumption of guilt may be raised, and no inference of any kind may be drawn, from the failure of a defendant to testify.

As stated before, the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

**Govt's Request To Charge No. 9.**
Effect of Failure of Accused to Testify
Devitt & Blackmar, Federal Jury Practice and Instructions, § 17.14 (1977)

- 9 -

Case 1:01-cr-00362-WLO   Document 43   Filed 03/04/02   Page 11 of 51

## Credibility of Accused as Witness

A defendant who wishes to testify is a competent witness and a defendant's testimony is to be judged in the same way as that of any other witness.

**Govt's Request To Charge No. 10.**
Credibility of Accused as Witness
Devitt & Blackmar, <u>Federal Jury Practice and Instructions</u>, § 17.12 (1977)

Case 1:01-cr-00362-WLO   Document 43   Filed 03/04/02   Page 12 of 51

## Conspiracy - Nature of the Offense Charged

Count One of the Indictment charges that from on, about or before November, 1996, and continuously thereafter up to and including October, 2000, in the Middle District of North Carolina and elsewhere, the defendants, James Savage and Margaret Handsman, came to some type of agreement or understanding to commit an offense against the United States, namely to:

Commit Mail Fraud and Wire Fraud so as to execute, implement or complete a scheme to defraud certain persons of money, by means of false and fraudulent pretenses, representations and promises, which induced those persons to invest in fictitious investment opportunities; and to

Induce persons to travel in interstate commerce in the execution of a scheme and artifice to defraud those persons of money and property having a value of five thousand dollars or more,

and then acted to achieve the goals of the alleged Conspiracy or agreement or understanding in that one of its members thereafter committed at least one Overt act as set forth in Count One in furtherance of the Conspiracy.

**Govt's Request To Charge No. 11.**
Conspiracy - Nature of the Offense Charged (Conspiracy: mail, wire & ITSP fraud)
Devitt & Blackmar, Federal Jury Practice and Instructions, § 28.01 (4th Ed. 1990)

- 11 -

## Statute Defining Offense - Conspiracy

Section 371 of Title 18, United States Code, provides, in part, that:

"If two or more persons conspire . . . to commit any offense against the United States, or to defraud the United States, or any agency thereof . . . and one or more of such persons do any act to effect the object of the conspiracy, . . ."

an offense against the United States has been committed.

**Govt's Request to Charge No. 12.**
Statute defining offense - 18 USC 371
Devitt & Blackmar, Federal Jury Practice and Instructions, § 28.02 (4th Ed. 1990)

Case 1:01-cr-00362-WLO   Document 43   Filed 03/04/02   Page 14 of 51

## Essential Elements of Offense of the Offense Charged

In order to sustain its burden of proof for the crime of conspiracy as charged in Count One of the Indictment, the Government must prove the following three essential elements beyond a reasonable doubt:

> *One:* The Conspiracy, agreement, or understanding as described in Count One of the Indictment was formed, reached, or entered into by two or more persons;

> *Two:* At some time during the existence or life of the Conspiracy, agreement, or understanding, one of its alleged members knowingly performed one of the Overt Acts charged in the Indictment in order to further or advance the purpose of the agreement; and

> *Three:* At some time during the existence or life of the Conspiracy, agreement, or understanding, the accused knew the purpose of the agreement, and then deliberately joined the Conspiracy, agreement, or understanding.

**Govt's Request to Charge No. 13.**
Conspiracy - Essential Elements of Offense (Conspiracy)
Devitt & Blackmar, Federal Jury Practice and Instructions, § 28.03 (4th Ed. 1990)

- 13 -

## Conspiracy - Nature of the Offense Charged

Count Thirty-Two of the Indictment charges that from on, about or before November, 1996, and continuously thereafter up to and including October, 2000, in the Middle District of North Carolina and elsewhere, the defendants, James Savage and Margaret Handsman, came to some type of agreement or understanding to commit an offense against the United States, namely to:

Conduct financial transactions of a value greater than ten thousand dollars, which transactions affected interstate commerce, while knowing that the property involved was derived from specified unlawful activity, that is, mail fraud and wire fraud

and then acted to achieve the goals of the alleged Conspiracy or agreement or understanding.

**Govt's Request To Charge No. 14.**
Conspiracy - Nature of the Offense Charged (Conspiracy: Money Laundering)
Devitt & Blackmar, <u>Federal Jury Practice and Instructions</u>, § 28.01 (4th Ed. 1990)

- 14 -

## Essential Elements of Offense of the Offense Charged

In order to sustain its burden of proof for the crime of Conspiracy as charged in Count Thirty-Two of the Indictment, the Government must prove the following three essential elements beyond a reasonable doubt:

*One:* The Conspiracy, agreement, or understanding as described in Count Thirty-Two of the Indictment was formed, reached, or entered into by two or more persons;

*Two:* At some time during the existence or life of the Conspiracy, agreement, or understanding, one of its alleged members knowingly performed one of the Overt Acts charged in Count Thirty-Two of the Indictment in order to further or advance the purpose of the agreement; and

*Three:* At some time during the existence or life of the Conspiracy, agreement, or understanding, the accused knew the purpose of the agreement, and then deliberately joined the Conspiracy, agreement, or understanding.

**Govt's Request to Charge No. 15.**
Conspiracy - Essential Elements of Offense (Conspiracy)
Devitt & Blackmar, Federal Jury Practice and Instructions, § 28.03 (4th Ed. 1990). Note: The language of the statute defining this offense, Title 18, United States Code, § 1956(h) is nearly identical to that of Title 21, United States Code, § 846, which does not require proof of an Overt Act. See United States v. Shabani, 513 U.S. 10, 15, 115 S.Ct. 382, 130 L.Ed.2d 225 (1994) The Circuits are not in agreement with whether a Title 18, United States Code, § 1956(h) conspiracy requires proof of an Overt Act. Reasoning that the language of the statute is nearly identical to that of Title 21, United States Code, § 846, the Fifth Circuit has ruled that proof of an Overt Act is not necessary for a conviction. United States v. Threadgill, 172 F.3d 357 (5th Cir. 1999). Citing Threadgill, in an unpublished opinion, judges of the Ninth Circuit agreed that such proof was not needed. United States v. Sadighi, 199 F.3d 1334, 1999 WL 980661 (9th Cir.(Cal.)). To the contrary are opinions from two other circuits. United States v. Conley, 37 F.3d 970, 976-77 (3d Cir.1994); United States v. Hildebrand, 152 F.3d 756 (8th Cir. 1998). In the matter now pending, the 1956(h) count alleged Overt Acts and the United States has proven same. So that the two jury instructions on conspiracy match, the United States proposes that an instruction that proof of an Overt Act is necessary for conviction on Count Thirty-Two.

- 15 -

## Conspiracy Defined -- Proof of Existence

A Conspiracy is a combination of two or more persons, by concerted action, to accomplish some unlawful purpose, or to accomplish some lawful purpose by unlawful means. So, a Conspiracy is a kind of "partnership in criminal purposes," in which each member becomes the agent of every other member. The gist of the offense, is a combination or agreement to disobey, or to disregard, the law.

Mere similarity of conduct among various persons, and the fact they may have associated with each other, and may have assembled together and discussed common aims and interests, does not necessarily establish proof of the existence of a Conspiracy.

However, the evidence in the case need not show that the members entered into any express or formal agreement, or that they directly, by words spoken or in writing, stated between themselves what their object or purpose was to be, or the details thereof, or the means by which the object or purpose was to be accomplished. What the evidence in the case must show beyond a reasonable doubt, in order to establish proof that a Conspiracy existed, is that the members in some way or manner, or through some contrivance, positively or tacitly came to a mutual understanding to try to accomplish a common and unlawful plan.

The evidence in the case need not establish that all the means or methods set forth in the Indictment were agreed upon to carry out the alleged Conspiracy; nor that all means or methods, which were agreed upon, were actually used or put into operation; nor that all of the persons charged to have been members of the alleged Conspiracy were such. What the evidence in the case must establish beyond a reasonable doubt is that the alleged Conspiracy was knowingly formed, and that

- 16 -

one or more of the means or methods described in the Indictment were agreed upon to be used, in an effort to effect or accomplish some object or purpose of the Conspiracy, as charged in the Indictment; and that two or more persons, including one or more of the accused, were knowingly members of the Conspiracy, as charged in the Indictment.

**Govt's Request to Charge No. 16.**
Conspiracy Defined -- Proof of Existence
Devitt & Blackmar, Federal Jury Practice and Instructions, § 27.04 (1977)

Case 1:01-cr-00362-WLO   Document 43   Filed 03/04/02   Page 19 of 51

## Membership in Conspiracy -- Proof of

One may become a member of a Conspiracy without full knowledge of all the details of the Conspiracy. On the other hand, a person who has no knowledge of a Conspiracy, but happens to act in a way which furthers some object or purpose of the Conspiracy, does not thereby become a conspirator.

Before the jury may find that a defendant, or any other person, has become a member of a Conspiracy, the evidence in the case must show beyond a reasonable doubt that the Conspiracy was knowingly formed, and that the defendant, or other person who is claimed to have been a member, willfully participated in the unlawful plan, with the intent to advance or further some object or purpose of the Conspiracy.

To act or participate willfully means to act or participate voluntarily and intentionally, and with specific intent to do something the law forbids, or with specific intent to fail to do something the law requires to be done; that is to say, to act or participate with the bad purpose either to disobey or to disregard the law. So, if a defendant, or any other person, with understanding of the unlawful character of a plan, knowingly encourages, advises or assists, for the purpose of furthering the undertaking or scheme, he thereby becomes a willful participant -- a conspirator.

One who willfully joins an existing Conspiracy is charged with the same responsibility as if he had been one of the originators or instigators of the Conspiracy.

In determining whether a Conspiracy existed, the jury should consider the actions and declarations of all of the alleged participants. However, in determining whether a particular defendant was a member of the Conspiracy, if any, the jury should consider only his or her acts and

- 18 -

statements. He or she cannot be bound by the acts or declarations of other participants until it is established that a Conspiracy existed, and that he or she was one of its members.

**Govt's Request to Charge No. 17.**
Membership in Conspiracy -- Proof of
Devitt & Blackmar, <u>Federal Jury Practice and Instructions,</u> § 27.05 (1977)

- 19 -

## Definition of "Overt Act"

In your consideration of the evidence in the case as to the offense of Conspiracy as charged in Count One, you should first determine whether or not the Conspiracy existed, as alleged in the Indictment. If you conclude that the Conspiracy did exist, you should next determine whether or not the accused willfully became a member of the Conspiracy.

If it appears beyond a reasonable doubt from the evidence in the case that the Conspiracy alleged in the Indictment was willfully formed, and that a defendant willfully became a member of the Conspiracy either at its inception or afterwards, and that thereafter one or more of the Conspirators knowingly committed one or more of the Overt Acts charged in furtherance of some object or purpose of the Conspiracy, then there may be a conviction even though the Conspirators may not have succeeded in accomplishing their common object or purpose and in fact may have failed of so doing.

The extent of any defendant's participation, moreover, is not determinative of his guilt or innocence. A defendant may be convicted as a conspirator even though he may have played only a minor part in the Conspiracy.

An "Overt Act" is any act knowingly committed by one of the conspirators, in an effort to effect or accomplish some object or purpose of the Conspiracy. The Overt Act need not be criminal in nature, if considered separately and apart from the Conspiracy. It may be as innocent as the act

- 20 -

of a man walking across the street, or driving an automobile, or using a telephone. It must, however, be an act which follows and tends toward accomplishment of the plan or scheme, and must be knowingly done in furtherance of some object or purpose of the Conspiracy charged in the Indictment.

**Govt's Request to Charge No. 18.**
Consideration of Evidence - Success of Conspiracy Immaterial
Devitt & Blackmar, <u>Federal Jury Practice and Instructions</u>, § 27.07 (1977)

Case 1:01-cr-00362-WLO   Document 43   Filed 03/04/02   Page 23 of 51

## <u>"Knowingly"</u> -- To Act

An act is done "knowingly" if done voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

The purpose of adding the word "knowingly" is to insure that no one will be convicted for an act done because of mistake, or accident, or other innocent reason.

.

<u>Govt's Request To Charge No. 19.</u>
"Knowingly" -- To Act
Devitt & Blackmar, <u>Federal Jury Practice and Instructions,</u> § 14.04 (1977)

- 22 -

## "Willfully" -- To Act

An act is done "willfully" if done voluntarily and intentionally, and with the specific intent to do something the law forbids; that is to say, with bad purpose either to disobey or to disregard the law.

**Govt's Request To Charge No. 20.**
"Willfully" -- To Act
Devitt & Blackmar, Federal Jury Practice and Instructions, § 14.06 (1977)

- 23 -

## Mail / Wire Fraud - Elements

Counts Two through Ten of the Indictment charge the crime of mail fraud. Counts Eleven through Fifteen charge the crime of wire fraud. The mail and wire fraud counts charge that on various dates between May 5, 1997, and November 6, 1999, in the Middle District of North Carolina and elsewhere, the defendants, James Savage and Margaret Handsman, having knowingly devised a scheme or plan to defraud and to obtain money and property by means of false or fraudulent pretenses, representations and promises, caused something to be delivered by a commercial interstate carrier (FedEx) or used a wire communication facility in interstate commerce in order to, in some fashion, advance or further the scheme to defraud and to obtain money or property by means of false representations.

To sustain the charge of mail fraud or of wire fraud as to a specific defendant whose guilt you are then considering, the Government must prove the following propositions:

First, that the defendant knowingly devised or participated in the scheme to defraud and to obtain money or property by means of false pretenses, representations or promises, as described in Counts Two through Fifteen of the Indictment;

Second, that the defendant did so knowingly and with the intent to defraud;

Third, that for the purpose of carrying out the scheme or attempting to do so, the defendant used or caused the use of a commercial interstate carrier (FedEx) or caused an interstate wire communication to take place in the manner charged in the particular count; and

- 24 -

Fourth, that statements or representations were material, meaning that they had a natural tendency to influence or were capable of influencing a decision or an action, whether or not they actually influenced or deceived anyone.

If you find from your consideration of all the evidence that each of these propositions has been proved beyond a reasonable doubt, then you should find the defendant guilty.

If, on the other hand, you find from your consideration of all the evidence that any one of these propositions has not been proved beyond a reasonable doubt, then you should find the defendant not guilty.

**Govt's Request To Charge No. 21.**
Mail / Wire Fraud - Elements
Seventh Circuit, Pattern Jury Instructions, Criminal (1999), 259. [with materiality as an essential element See Neder v. United States, 517 U.S. 1, 3, 119 S.Ct. 1827, 1831, 144 L.Ed.2d 35 (1999)].

- 25 -

## "Scheme", "Artifice", "False", "Fraudulent" -- Defined

The words "scheme" and "artifice," as used in these instructions, include any plan or course of action intended to deceive others, and to obtain, by false or fraudulent pretenses, representations, or promises, money or property from persons so deceived.

A statement or representation is "false or fraudulent" within the meaning of the law, if known to be untrue, or made with reckless indifference as to its truth or falsity, and made or caused to be made with the intent to deceive.

A "false or fraudulent representation" may be made by statements of half truths or the concealment of material facts, as well as by affirmative statements or acts.

**Govt's Request to Charge No. 22.**
"Scheme", "Artifice", "False", "Fraudulent" -- Defined
Devitt & Blackmar, Federal Jury Practice and Instructions, § 40.08 (1990)

- 26 -

**Interstate Travel to Execute Fraud (18 U.S.C., § 2314, Paragraph Two)**

Counts Sixteen through Twenty-Five of the Indictment charge that on various dates between August 13, 1997, and July 9, 1999, in the Middle District of North Carolina, the defendants, James Savage and Margaret Handsman, having devised a scheme or plan to defraud and to obtain money and property by means of false or fraudulent pretenses, representations and promises knowingly caused J. Foster to travel and to be transported in interstate commerce, from North Carolina to various states, Georgia, Florida, New York, Pennsylvania, Texas, Colorado, and Massachusetts, as specified in each count, so as to carry out a scheme and artifice to defraud said person of money having a value of $ 5,000 or more.

**Govt's Request To Charge No. 23.**
Interstate Travel to Execute Fraud (§ 2314, Paragraph Two)

Case 1:01-cr-00362-WLO   Document 43   Filed 03/04/02   Page 29 of 51

**Interstate Travel to Execute Fraud (18 U.S.C., § 2314, Paragraph Two)**
**Statute Defining the Offense Charged**

Paragraph Two of Section 2314 of Title 18 of the United States Code provides, in part, that:

> "Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money . . . by means of false . . . pretenses, representations or promises, transports or causes to be transported . . any person or persons . . . in interstate . . . commerce in the execution . . . of a scheme or artifice to defraud that person or those persons of money . . . having a value of $ 5,000 or more . . .

shall be guilty of an offense against the United States.

**Govt's Request To Charge No. 24.**
Interstate Travel to Execute a Scheme to Defraud - Statute Defining the Offense Charged
18 U.S.C., § 2314, ¶ 2

Case 1:01-cr-00362-WLO   Document 43   Filed 03/04/02   Page 30 of 51

**Elements of the Offense (18 U.S.C. § 2314, Second Paragraph)**

To sustain the charge of transporting a person or causing a person to be transported in interstate commerce in the execution of a scheme to defraud, the Government must prove the following propositions:

***First:*** the Defendant devised or intended to devise a scheme to defraud or to obtain money by false pretenses, representations, or promises as charged in the Indictment, and that those statements or representations were material, meaning that they had a natural tendency to influence or were capable of influencing a decision or an action, whether or not they actually influenced or deceived anyone ;

***Second:*** the Defendant transported a person or persons, or caused a person or persons to be transported, in interstate commerce;

***Third:*** the Defendant acted in the execution of the scheme or artifice to defraud that person of money; and,

***Fourth:*** the money had a value of $ 5,000 or more.

If you find from your consideration of all the evidence that each of these propositions has been proved beyond a reasonable doubt, then you should find the Defendant guilty.

If, on the other hand, you find from your consideration of all the evidence that any of these propositions has not been proved beyond a reasonable doubt, then you should find the Defendant not guilty.

**Govt's Request To Charge No. 25.**
Elements for Interstate Travel to Execute a Scheme to Defraud
Seventh Circuit, <u>Pattern Jury Instructions, Criminal</u> 363 (1999), modified [with materiality as an essential element <u>See Neder v. United States</u>, 517 U.S. 1, 3, 119 S.Ct. 1827, 1831, 144 L.Ed.2d 35 (1999)].

- 29 -

## Aiding and Abetting (Agency)

The guilt of a defendant in a criminal case may be proved without evidence that he or she personally did every act involved in the commission of the crime charged. The law recognizes that, ordinarily, anything a person can do for himself or herself may also be accomplished through direction of another person as an agent, or by acting together with, or under the direction of, another person or persons in a joint effort.

So, if the acts or conduct of an agent, employee or other associate of a Defendant are willfully directed or authorized by a Defendant, or if a Defendant aids and abets another person by willfully joining together with that person in the commission of a crime, then the law holds that Defendant responsible for the conduct of the other person just as though the Defendant had engaged in such conduct himself or herself.

Notice, however, that before any Defendant can be held criminally responsible for the conduct of others it is necessary that the Defendant willfully associate himself or herself in some way with the crime, and willfully participate in it. Mere presence at the scene of a crime and even knowledge that a crime is being committed are not sufficient to establish that a Defendant either directed or aided and abetted the crime. You must find beyond a reasonable doubt that a Defendant was a willful participant and not merely a knowing spectator.

**Govt's Request to Charge No. 26.**
Aiding and Abetting (Agency)
11th Cir., Pattern Jury Instructions - Crim., Spec'l Instr. # 6

- 30 -

## *Pinkerton* **Liability for Substantive Offenses**

A conspirator is responsible for offenses committed by his fellow conspirators if he or she was a member of the conspiracy when the offense was committed and if the offense was committed in furtherance of and as a foreseeable consequence of the conspiracy.

Therefore, if you find a defendant guilty of the Conspiracy charged in Counts One or Thirty-Two and if you find beyond a reasonable doubt that while he or she was a member of the Conspiracy, his or her fellow conspirators committed the substantive offense charged one of the other criminal counts, that is, Counts Two through Thirty, of the Indictment in furtherance of and as a foreseeable consequence of that Conspiracy, then you should find that defendant guilty of the substantive offense charged in that count also.

**Govt's Request To Charge No. 27.**
Conspirator's Liability for Substantive Crimes Committed by Co-conspirators.
Seventh Circuit, Federal Jury Instructions, Criminal, § 5.09 (1999); See, United States v. Chorman, 910 F.2d 102, 110-12 (4th Cir. 1990).

- 31 -

## Guilty Knowledge

The Government may prove that a defendant acted "knowingly" by proving, beyond a reasonable doubt, that a defendant deliberately closed his or her eyes to what would otherwise have been obvious to him or her. No one can avoid responsibility for a crime by deliberately ignoring what is obvious. A finding beyond reasonable doubt of an intent of the defendant to avoid knowledge or enlightenment would permit the jury to infer knowledge. Stated another way, a defendant's knowledge of a particular fact may be inferred from a deliberate or intentional ignorance or deliberate or intentional blindness to the existence of that fact.

It is, of course, entirely up to you as to whether you find any deliberate closing of the eyes, and the inferences to be drawn from any such evidence. You may not infer that a defendant had knowledge, however, from proof of a mistake, negligence, carelessness, or a belief in an inaccurate proposition.

**Govt's Request To Charge No. 28.**
Conscious Avoidance (Ostrich Instruction)
Devitt & Blackmar, Federal Jury Practice and Instructions, § 17.09 (4th Ed. 1990)
United States v. Codgell, 844 F.2d 179 (Sprouse, 4th Cir. 1988); United States v. Mancuso, 42 F.3d 836, 846 (4th Cir. 1994); United States v. Abbas, 74 F.3d 506, 513 (4th Cir. 1996)(Ostrich instruction approved in drug prosecution); United States v. Guay, 108 F.3d 545, 551 (4th Cir. 1997); United States v. Orr, 825 F.2d 1537 (Swygert, 11th Cir. 1987); United States v. Cincotta, 689 F.2d 238, 243 (1st Cir.), cert. denied 459 U.S. 991, 103 S.Ct 347, 74 L.Ed.2d 387 (1982); United States v. Picciandra, 788 F.2d 39 (1st Cir.), cert. denied, 479 U.S. 847, 107 S.Ct 166, 93 L.Ed.2d 104 (1986); United States v. Martin, 815 F.2d 818, 823 (1st Cir. 1987).

Case 1:01-cr-00362-WLO   Document 43   Filed 03/04/02   Page 34 of 51

## Money Laundering - Nature of the Offense Charged

Counts Twenty-Six through Thirty-One of the Indictment charge that on various dates between April 4, 2000, and December 8, 2000, in the Middle District of North Carolina and elsewhere, the defendants, James Savage and Margaret Handsman, as named in the respective counts, knowing that the property involved in a financial transaction represented the proceeds of some form of unlawful activity, namely mail fraud, wire fraud, and causing interstate travel in furtherance of a scheme to defraud, did knowingly, willfully and unlawfully conduct a financial transaction, involving more than ten thousand dollars ($ 10,000), which involved the proceeds of a specified unlawful activity.

**Govt's Request To Charge No. 29.**
Money Laundering - Nature of the Offense Charged
Devitt & Blackmar, <u>Federal Jury Practice and Instructions,</u> 4th Ed., § 13.01 (1990) [modified]

- 33 -

Case 1:01-cr-00362-WLO   Document 43   Filed 03/04/02   Page 35 of 51

## Money Laundering (§ 1957) - Statute Defining the Offense Charged

Section 1957 of Title 18 of the United States Code provides, in part, that:

"Whoever, knowingly engages or attempts to engage in a monetary transaction in criminally derived property that is of a value greater than $ 10,000 and is derived from specified unlawful activity, and does so . . . in the United States . . .

shall be guilty of an offense against the United States.

**Govt's Request To Charge No. 30.**
Money Laundering - Statute Defining the Offense Charged
Devitt & Blackmar, <u>Federal Jury Practice and Instructions</u>, 4th Ed., § 13.03 (1990) [modified]

- 34 -

**Elements of the Offense (18 U.S.C. § 1957)**

In order to prove the crime of engaging in monetary transaction in property derived from specified unlawful activity, in violation of section 1957, the Government must establish beyond a reasonable doubt each of the following elements:

*First:* that the defendant whose case you are then considering engaged (or attempted to engage) in a monetary transaction in criminally derived property of a value greater than $ 10,000.

*Second:* that the property was derived from specified unlawful activity.

*Third:* that the defendant acted knowingly.

**Govt's Request To Charge No. 31.**
Elements for Engaging in a Financial Transaction
     in Criminally Derived Property (18 U.S.C. § 1957)
L. Sands, *et al.*, <u>Modern Federal Jury Instructions</u> (1997), ¶ 50A-19

Case 1:01-cr-00362-WLO   Document 43   Filed 03/04/02   Page 37 of 51

**Money Laundering - (18 U.S.C. § 1957)**
**First Element - Engaging in a Monetary Transaction in**
**Criminally Derived Property**

The First Element of the offense which the Government must prove beyond a reasonable doubt is that the defendant engaged in a monetary transaction in criminally derived property having a value in excess of $ 10,000. Some of these terms require definition.

The term "monetary transaction" means the deposit, withdrawal, transfer, or exchange, in or affecting interstate commerce, of funds or a monetary instrument by, through, or to a financial institution. The term "interstate commerce" includes commerce between one state, territory, possession, or the District of Columbia, and another state, territory, possession, or the District of Columbia.

The term "financial institution" means a bank which is federally insured.

The term "criminally derived property" means any property constituting, or derived from, proceeds obtained from a criminal offense.

**Govt's Request To Charge No. 32.**
18 U.S.C. § 1957- First Element --
Engaging in a Monetary Transaction in Criminally Derived Property.
L. Sand, *et al,* Modern Federal Jury Instructions, ¶ 50A.20 (modified) :
18 U.S.C. §§ 10, 1956(c)(4)(B), 1957; 31 U.S.C. § 5312(a)(2)(A)

- 36 -

## Money Laundering - (18 U.S.C. § 1957)
## Second Element -- Property Derived From Specified Unlawful Activity

The Second Element of the offense which the Government must prove beyond a reasonable doubt is that the defendant whose case you are then considering knew that the property involved in the financial transaction was the proceeds of some form of unlawful activity.

I instruct that this element refers to a requirement that the defendant knew that the property involved in the transaction represented proceeds from some form, though not necessarily which form, of activity that constitutes a criminal offense under federal law. I instruct you as a matter of law that Mail Fraud, Fraud by Wire, and causing interstate travel in furtherance of a scheme to defraud, are criminal offenses.

**Govt's Request To Charge No. 33.**
18 U.S.C. § 1957 -- Property Derived From Specified Unlawful Activity
L. Sand, *et al,* Modern Federal Jury Instructions, ¶ 50A.21

- 37 -

## Money Laundering -- (18 U.S.C. § 1957)
### Third Element -- Knowledge

The Third Element of the offense which the Government must prove beyond a reasonable doubt is that the defendant whose case you are then considering knowingly engaged in an unlawful monetary transaction, as defined above.

In a prosecution for an offense under this section, the Government is not required to prove that the defendant knew the particular offense from which the criminally derived property was derived. However, the Government must prove, beyond a reasonable doubt, that the defendant knew that the transaction involved criminally derived property, which, I remind you, means any property constituting, or derived from, proceeds obtained from a criminal offense.

If you find that the Government has established, beyond a reasonable doubt, that the defendant knew that the transaction involved property derived from a criminal offense, then this element is satisfied.

**Govt's Request To Charge No. 34.**
18 U.S.C. § 1957: Third Element -- Knowledge
L. Sand, *et al*, Modern Federal Jury Instructions, ¶ 50A.22

- 38 -

## Credibility of Witnesses -- Discrepancies in Testimony

You, as jurors, are the sole judges of the credibility of the witnesses and the weight their testimony deserves.

You should carefully scrutinize all the testimony given, the circumstances under which each witness has testified, and every matter in evidence which tends to show whether a witness is worthy of belief. Consider each witness's intelligence, motive and state of mind, and demeanor and manner while on the stand. Consider the witness's ability to observe the matters as to which he has testified, and whether he impresses you as having an accurate recollection of these matters. Consider also any relation each witness may bear to either side of the case; the manner in which each witness might be affected by the verdict; and the extent to which, if at all, each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause the jury to discredit such testimony. Two or more persons witnessing an incident or a transaction may see or hear it differently; and innocent misrecollection, like failure of recollection, is not an uncommon experience. In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

.After making your own judgment, you will give the testimony of each witness such credibility, if any, as you may think it deserves.

**Govt's Request To Charge No. 35.**
Credibility of Witnesses -- Discrepancies in testimony
Devitt & Blackmar, <u>Federal Jury Practice and Instructions</u>, § 17.01 (1977)

- 39 -

## Credibility of Witnesses -- Co-conspirator

The testimony of some witnesses must be considered with more caution than the testimony of other witnesses. For example, a witness who has been promised that he or she will not be charged or prosecuted, or a witness who hopes to gain more favorable treatment in his own case, may have a reason to make a false statement because he or she wants to strike a good bargain with the Government.

Punishment of a person convicted of a federal crime occurring after November 1, 1987, is determined according to a formula or guideline system established by Congress and known as the Federal Sentencing Guidelines. Once an individual's guideline range has been calculated according to the set formula, a sentencing judge may depart upward or downward from that range only in exceptional circumstances. One of the circumstances allowing a downward departure or reduced sentence is when the prosecutor files a motion stating that a defendant provided "substantial assistance" to the Government in the investigation or prosecution of another defendant. Once a motion acknowledging substantial assistance is filed by the prosecutor, the actual sentence -- or whether a sentence already imposed should be reduced and by how much -- is determined by the Court. Factors which Courts might normally consider in determining a sentence for a person who has provided substantial assistance include the prosecutor's recommendation -- if he chooses to make one, the extent of that defendant's cooperation, its value to the Government, and whether -- if the defendant testified as a witness -- he or she appeared to be truthful. While the testimony of a person hoping to receive favorable consideration for having provided substantial assistance may be entirely truthful, you should receive it with more care than you would that of an ordinary witness.

**Govt's Request To Charge No. 36.**
Credibility of Witnesses -- Cooperating Conspirator and the Sentencing Guidelines
Hon. N. Carlton Tilley, <u>United States v. Purvis, et al</u>, MDNC 1:97CR160, 7 Dec 1997.

- 40 -

## Testimony of Accomplice

An accomplice is one who unites with another person in the commission of a crime, voluntarily and with common intent. An accomplice does not become incompetent as a witness because of participation in the crime charged. On the contrary, the testimony of one who asserts by his testimony that he is an accomplice may be received in evidence and considered by the jury, even though not corroborated by other evidence, and given such weight as the jury feels it should have. The jury, however, should keep in mind that such testimony is always to be received with caution and considered with great care.

You should never convict a defendant upon the unsupported testimony of an alleged accomplice, unless you believe that unsupported testimony beyond a reasonable doubt.

**Govt's Request to Charge No. 37.**
Testimony of Accomplice
Devitt & Blackmar, Federal Jury Practice and Instructions, § 17.06 (1977)

## Direct Evidence -- Circumstantial Evidence

There are two types of evidence from which you may find the truth as to the facts of a case -- direct and circumstantial evidence. Direct evidence is the testimony of one who asserts actual knowledge of a fact, such as an eyewitness; circumstantial evidence is proof of a chain of facts and circumstances indicating the guilt or innocence of a defendant. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. Nor is a greater degree of certainty required of circumstantial evidence than of direct evidence. You should weigh all the evidence in the case. After weighing all the evidence, if you are not convinced of the guilt of the defendant beyond a reasonable doubt, you must find him or her not guilty.

**Govt's Request To Charge No. 38.**
Direct Evidence / Circumstantial Evidence
Devitt & Blackmar, <u>Federal Jury Practice and Instructions,</u> § 15.02 (1977)

Case 1:01-cr-00362-WLO   Document 43   Filed 03/04/02   Page 44 of 51

## Transcriptions of Tape Recordings

You have heard some tape recordings that were received in evidence, and you were given some written transcripts of the tapes.

Keep in mind that the transcripts are not evidence. They were given to you only as a guide to help you follow what was being said. The tapes themselves are the evidence. If you noticed any differences between what you heard on the tapes and what you read in the transcripts, you must rely on what you heard, not what you read. And if you could not hear or understand certain parts of the tapes, you must ignore the transcripts as far as those parts are concerned.

**Govt's Request To Charge No. 39.**
Transcriptions of Tape Recordings
6th Cir., <u>Pattern Criminal Jury Instructions</u>, § 7.17 (1991)

Case 1:01-cr-00362-WLO    Document 43    Filed 03/04/02    Page 45 of 51

## Question Not Evidence

If a lawyer asks a witness a question which contains an assertion of fact you may not consider the assertion as evidence of that fact. The lawyers' statements are not evidence.

**Govt's Request to Charge No. 40.**
Question not evidence
Devitt & Blackmar, <u>Federal Jury Practice and Instructions</u>, § 11.13 (1977)

## Judging the Evidence

There is nothing peculiarly different in the way a jury should consider the evidence in a criminal case, from that in which all reasonable persons treat any question depending upon evidence presented to them. You are expected to use your good sense, consider the evidence in the case for only those purposes for which it has been admitted, and give it a reasonable and fair construction, in the light of your common knowledge of the natural tendencies and inclinations of human beings.

If the accused be proved guilty beyond a reasonable doubt, say so. If not so proved guilty, say so.

Keep constantly in mind that it would be a violation of your sworn duty to base a verdict of guilty upon anything other than the evidence in the case; and remember as well that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

**Govt's Request To Charge No. 41.**
Judging the Evidence
Devitt & Blackmar, <u>Federal Jury Practice and Instructions</u>, § 15.01 (1977)(modified)

Case 1:01-cr-00362-WLO    Document 43    Filed 03/04/02    Page 47 of 51

## Motive

Intent and motive should never be confused. Motive is what prompts a person to act, or fail to act. Intent refers only to the state of mind with which the act is done or omitted.

Personal advancement and financial gain are two well-recognized motives for much of human conduct. These laudable motives may prompt one person to voluntary acts of good, another to voluntary acts of crime.

Good motive alone is never a defense where the act done or omitted is a crime. So, the motive of the accused is immaterial except insofar as evidence of motive may aid determination of state of mind or intent.

**Govt's Request To Charge No. 42.**
Motive
Devitt & Blackmar, Federal Jury Practice and Instructions, § 14.11 (1977) See United States v. Eberhardt, 417 F.2d 1009 (4th Cir. 1969), cert. denied, 379 U.S. 909, 90 S.Ct. 907, 25 L.Ed.2d 90 (1970); United States v. Perl, 584 F.2d 1316 (4th Cir. 1978), cert. denied, 439 U.S. 1130, 99 S.Ct. 1050, 59 L.Ed.2d 92 (1979).

Case 1:01-cr-00362-WLO   Document 43   Filed 03/04/02   Page 48 of 51

## Verdict – Election of Foreperson – Duty to Deliberate – Unanimity – Punishment
## Form of Verdict – Communication With the Court

Upon retiring to your jury room to begin your deliberations, you must elect one of your members to act as your foreperson. The foreperson will preside over your deliberations and will be your spokesperson here in court.

Your verdict must represent the collective judgment of the jury. In order to return a verdict, it is necessary that each juror agree to it. Your verdict, in other words, must be unanimous.

It is your duty, as jurors, to consult with one another and to deliberate with one another with a view towards reaching an agreement, if you can do so without violence to individual judgment. Each of you must decide the case for himself and herself, but do so only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views and to change your opinion if convinced it is erroneous. Do not surrender your honest conviction, however, solely because of the opinion of your fellow jurors or for the mere purpose of thereby being able to return a unanimous verdict.

Remember at all times, you are not partisans. You are judges – judges of the facts of this case. Your sole interest is to seek the truth from the evidence received during the trial.

Your verdict must be based solely upon the evidence received in the case. Nothing you have seen or read outside of court may be considered. Nothing that I have said or done during the course of this trial is intended in any way to somehow suggest to you what I think your verdict should be. Nothing said in these instructions and nothing in any form of verdict, which has been prepared for you convenience, is to suggest or convey to you in any way or manner any intimation as to what verdict I think you should return. What the verdict shall be is the exclusive duty and responsibility of the jury. As I have told you many times, you are the sole judges of the facts.

Case 1:01-cr-00362-WLO   Document 43   Filed 03/04/02   Page 49 of 51

The punishment provided by law for the offenses charged in the Indictment is a matter exclusively within the province of the Court, and should never be considered by the jury in any way, in arriving at an impartial verdict as to the offenses charged.

Forms of verdict have been prepared for your convenience.

*The forms of verdict should be read to the jury*

You will take these forms to the jury room and when you have reached unanimous agreement as to your verdicts, you will have your foreperson write your verdicts, date and sign the forms, and then return with your verdicts to the courtroom.

If it becomes necessary during your deliberations to communicate with the Court, you may send a note, signed by your foreperson or by one or more members of the jury, through the court security officer.

Bear in mind also that you are never to reveal to any person – not even to the Court – how the jury stands, numerically or otherwise, on the question of whether or not the Government has sustained its burden of proof until after you have reached a unanimous verdict.

**Govt's Request for Charge No. 43.**
Final instruction
O'Malley, Grenig & Lee, Federal Jury Practice and Instructions § 20.01 (5th Ed. 2000)(modified)

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of North Carolina and is a person of such age and discretion as to be competent to serve papers.

That on this the ___4th___ day of March, 2002, she served a true and correct copy of the foregoing Response by hand-delivery or first class mail, postage prepaid, to the person hereinafter named:

Addressee:

Nils E. Gerber
Attorney at Law
200 Brookstown Avenue, Suite 304
Winston-Salem, NC 27101

Lisa S. Costner
Attorney at Law
200 Brookstown Avenue, Suite 304
Winston-Salem, NC 27101

KRISTEN L. MAJORS
Paralegal Assistant
United States Attorney's Office

Post Office 1858
Greensboro, North Carolina 27402

(336) 333-5351