ENTERED ON DOCKET

R. 55

JUL 25 2002

BY

# United States District Court
## Middle District of North Carolina

UNITED STATES OF AMERICA

v.

JAMES ANTHONY SAVAGE

FILED
IN THIS OFFICE
JUL 24 2002
Greensboro, N. C.

**JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)

Case Number: 1:01CR362-1

Defendant's Attorney: Nils Gerber

## THE DEFENDANT:

☐ pleaded guilty to count(s)

☐ pleaded nolo contendere to count(s) _____ which was accepted by the court.

☒ was found guilty on counts 1s, 2s, 3s, 4s, 5s, 6s, 7s, 8s, 9s, 10s, 11s, 12s, 13s, 14s, 15s, 16s, 17s, 18s, 19s, 20s, 21s, 22s, 23s, 24s, 25s, 26s, 27s, 28s, 29s, 30s, 31s, and 32s after a plea of not guilty.

**ACCORDINGLY,** the court has adjudicated that the defendant is guilty of the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18:371, 1341, 1343 & 2314 | Conspiracy: Mail Fraud, Wire Fraud and Interstate transportation of stolen property | 08/31/2000 | 1s |
| 18:1341 & 2 | Mail Fraud | 08/23/2001 | 2s |
| 18:1341 & 2 | Mail Fraud | 10/06/1997 | 3s |
| 18:1341 & 2 | Mail Fraud | 10/15/1997 | 4s |
| 18:1341 & 2 | Mail Fraud | 02/26/1998 | 5s |
| 18:1341 & 2 | Mail Fraud | 03/19/1998 | 6s |
| 18:1341 & 2 | Mail Fraud | 08/06/1998 | 7s |
| 18:1341 & 2 | Mail Fraud | 08/20/1998 | 8s |
| 18:1341 & 2 | Mail Fraud | 08/21/1998 | 9s |
| 18:1341 & 2 | Mail Fraud | 12/10/1998 | 10s |

### CONTINUED ON PAGES 1(a) through 1(c)

The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☒ Counts 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, and 32 of the

indictment filed 09/24/2001 are dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

Defendant's SSN: 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
Defendant's DOB: 06/02/1969
Defendant's USM #: 20747-112
Defendant's Residence Address:

1700 Walnut Street, Apt. 7A
Philadelphia, PA 19103

Defendant's Mailing Address:
(if different from residence address)

June 20, 2002

Date of Imposition of Judgment

Signature of Judicial Officer

William L. Osteen, United States District Judge

Name & Title of Judicial Officer

July 24, 2002

Date

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18:1343 & 2 | Wire Fraud | 10/14/1998 | 11s |
| 18:1343 & 2 | Wire Fraud | 03/02/1999 | 12s |
| 18:1343 & 2 | Wire Fraud | 04/20/1999 | 13s |
| 18:1343 & 2 | Wire Fraud | 05/05/1999 | 14s |
| 18:1343 & 2 | Wire Fraud | 11/06/1999 | 15s |
| 18:2314 & 2 | Interstate transportation of stolen property | 08/13/1997 | 16s |
| 18:2314 & 2 | Interstate transportation of stolen property | 09/12/1997 | 17s |
| 18:2314 & 2 | Interstate transportation of stolen property | 02/18/1998 | 18s |
| 18:2314 & 2 | Interstate transportation of stolen property | 03/11/1998 | 19s |
| 18:2314 & 2 | Interstate transportation of stolen property | 07/17/1998 | 20s |
| 18:2314 & 2 | Interstate transportation of stolen property | 09/25/1998 | 21s |
| 18:2314 & 2 | Interstate transportation of stolen property | 11/06/1998 | 22s |
| 18:2314 & 2 | Interstate transportation of stolen property | 02/18/1999 | 23s |
| 18:2314 & 2 | Interstate transportation of stolen property | 05/11/1999 | 24s |
| 18:2314 & 2 | Interstate transportation of stolen property | 07/09/1999 | 25s |

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18:1957(a) & 2 | Engaged in monetary transaction in interstate commerce in property deprived from mail fraud, wire fraud and interstate transportation of stolen property | 04/04/2000 | 26s |
| 18:1957(a) & 2 | Engaged in monetary transaction in interstate commerce in property deprived from mail fraud, wire fraud and interstate transportation of stolen property | 04/13/2000 | 27s |
| 18:1957(a) & 2 | Engaged in monetary transaction in interstate commerce in property deprived from mail fraud, wire fraud and interstate transportation of stolen property | 07/26/2000 | 28s |
| 18:1957(a) & 2 | Engaged in monetary transaction in interstate commerce in property deprived from mail fraud, wire fraud and interstate transportation of stolen property | 07/31/2000 | 29s |
| 18:1957(a) & 2 | Engaged in monetary transaction in interstate commerce in property deprived from mail fraud, wire fraud and interstate transportation of stolen property | 10/11/2000 | 30s |
| 18:1957(a) & 2 | Engaged in monetary transaction in interstate commerce in property deprived from mail fraud, wire fraud and interstate transportation of stolen property | 12/08/2000 | 31s |

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18:1956(h) & 1957(a) | Conspiracy: Money Laundering | 10/31/2000 | 32s |

DEFENDANT: JAMES ANTHONY SAVAGE
CASE NUMBER: 1:01CR362-1

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **Two Hundred and Fifty (250) months.**

**[Sixty (60) months as to Counts 1s, 2s, 3s, 4s, 5s, 6s, 7s, 8s, 9s, 10s, 11s, 12s, 13s, 14s, and 15s, counts to run concurrently; One Hundred and Twenty (120) months under Counts 16s, 17s, 18s, 19s, 20s, 21s, 22s, 23s, 24s, and 25s counts to run concurrently, and the sentence under Counts 16s, 17s, 18s, 19s, 20s, 21s, 22s, 23s, 24s, and 25s to run consecutively with sentence imposed under Counts 1s, 2s, 3s, 4s, 5s, 6s, 7s, 8s, 9s, 10s, 11s, 12s, 13s, 14s, and 15s; Seventy (70) months under Counts 26s, 27s, 28s, 29s, 30s, 31s, and 32s, counts to run concurrently, and the sentence under Counts 26s, 27s, 28s, 29s, 30s, 31s, and 32s to run consecutively with the sentences imposed under Counts 1s, 2s, 3s, 4s, 5s, 6s, 7s, 8s, 9s, 10s, 11s, 12s, 13s, 14s, and 15s and Counts 16s, 17s, 18s, 19s, 20s, 21s, 22s, 23s, 24s, and 25s]**

☒ The court makes the following recommendations to the Bureau of Prisons: that the defendant be assigned to a facility where he may participate in a drug treatment program.

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district.

  ☐ at _____ am/pm on _____ .

  ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

  ☐ before 2 pm on _____ .

  ☐ as notified by the United States Marshal.

  ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____ at

_____ , with a certified copy of this judgment.

UNITED STATES MARSHAL

BY

DEPUTY US MARSHAL

DEFENDANT:     JAMES ANTHONY SAVAGE
CASE NUMBER:   1:01CR362-1

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **three (3) years.**

**[Three (3) years as to Counts 1s, 2s, 3s, 4s, 5s, 6s, 7s, 8s, 9s, 10s, 11s, 12s, 13s, 14s, and 15s,  counts to run concurrently; Three (3) years under Counts 16s, 17s, 18s, 19s, 20s, 21s, 22s, 23s, 24s, and 25s,  counts to run concurrently, and to run concurrently with Counts 1s, 2s, 3s, 4s, 5s, 6s, 7s, 8s, 9s, 10s, 11s, 12s, 13s, 14s, and 15s; Three (3) years as to Counts 26s, 27s, 28s, 29s, 30s, 31s, and 32s, counts to run concurrently, and to run concurrently with Counts 1s, 2s, 3s, 4s, 5s, 6s, 7s, 8s, 9s, 10s, 11s, 12s, 13s, 14s, 15s and Counts 16s, 17s, 18s, 19s, 20s, 21s, 22s, 23s, 24s, and 25s]**

    The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

    The defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter.

☐  The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse.  (Check, if applicable).

☒  The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

    If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

    The defendant shall comply with the standard conditions that have been adopted by this court (set forth below).  The defendant shall also comply with the additional conditions on the attached page (if indicated).

# STANDARD CONDITIONS OF SUPERVISION

1)  the defendant shall not leave the judicial district without the permission of the court or probation officer;
2)  the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3)  the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4)  the defendant shall support his or her dependents and meet other family responsibilities;
5)  the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6)  the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7)  the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8)  the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9)  the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT:        JAMES ANTHONY SAVAGE
CASE NUMBER:      1:01CR362-1

## SPECIAL CONDITIONS OF SUPERVISION

The defendant shall cooperatively participate in a substance abuse treatment program, which may include drug testing or inpatient/residential treatment, as directed by the probation officer.  During the course of treatment, the defendant shall abstain from the use of alcoholic beverages.

The defendant shall provide any requested financial information to the probation officer.

The defendant shall not incur any new credit charges or open additional lines of credit without the approval of the probation officer.

The defendant shall cooperatively participate in a mental health treatment program, which may include inpatient/residential treatment, as directed by the probation officer.

AO 245B (NCMD Rev. 3/01) Sheet 5, Part A - Criminal Monetary P.

Page 5 of 6

DEFENDANT: JAMES ANTHONY SAVAGE
CASE NUMBER: 1:01CR362-1

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal penalties in accordance with the Schedule of Payments set forth on Sheet 5, Part B.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| Totals | $ 3,200.00 | $ | $ 7,770,051.15 |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case* (AO245C) will be entered after such determination.

☒ The defendant shall make restitution (including community restitution) to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all non-federal victims must be paid in full prior to the United States receiving payment.

| Name of Payee | **Total Amount of Loss | Amount of Restitution Ordered | Priority Order or % of Payment |
|---|---|---|---|
| Jean Foster | $5,617.565.15 | $5,617,565.15 | |
| Geri C. Black | 900,000.00 | 900,000.00 | |
| Jennifer C. Stack | 586,086.00 | 586,086.00 | |
| Dr. Marcye T. Shayer | 360,000.00 | 360,000.00 | |
| Glenn L. and Sheri Huminski | 205,000.00 | 205,000.00 | |
| Glenn D. Witt | 75,000.00 | 75,000.00 | |
| Jule B. White | 5,000.00 | 5,000.00 | |
| Ellen Shlom | 4,700.00 | 4,700.00 | |
| Rose Barron | 3,200.00 | 3,200.00 | |
| Connie Steinberg | 13,500.00 | 13,500.00 | |
| Totals: | $ 7,770,051.15 | $ 7,770,051.15 | |

**** The court reserves the determination of how the restitution will be payable to the victims in reference to the sale of forfeited items. This matter will be ruled on at a later date.****

☐ If applicable, restitution amount ordered pursuant to plea agreement: $

☐ The defendant shall pay interest on any fine of more than $2,500, unless the fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 5, Part B, may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    ☐ the interest requirement is waived for the ☐ fine and/or ☐ restitution.

    ☐ the interest requirement for the ☐ fine and/or ☐ restitution is modified as follows:

** Findings for the total amount of losses are required under Chapters 109A, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 24, 1996.

DEFENDANT:      JAMES ANTHONY SAVAGE
CASE NUMBER:    1:01CR362-1

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A ☒  Lump sum payment of $ 3,200.00 due immediately

      ☐ not later than _____ , or

      ☒ in accordance with ☐ C, ☒ D or, ☒ E below; or

B ☐  Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ E below); or

C ☐  Payment in _____ (*equal, weekly, monthly, quarterly*) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D ☒  Payment in monthly installments of $ 200.00, to commence 30 days after release from imprisonment and every 30 days thereafter until paid in full.

E ☒  Special instructions regarding the payment of criminal monetary penalties:

**The special assessment in the amount of $3,200.00 is due and payable immediately at such times and in such amounts as directed by the Federal Bureau of Prisons through the Inmate Financial Responsibility Program.**

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program, are to be made to the Clerk of Court, United States District Court for the Middle District of North Carolina, P. O. Box 2708, Greensboro, NC 27402, unless otherwise directed by the court, the probation officer, or the United States Attorney.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐  Joint and Several

    Defendant Name, Case Number, and Joint and Several Amount:

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

☐  The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment; (2) restitution principal; (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest, (7) penalties, and (8) costs, including cost of prosecution and court costs.